9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
A.G. EDWARDS, Jr., Plaintiff-Appellant,
v.
The UNITED STATES, United States Forest Service, Regional
Forester, United States Forest Service at Ogden, Utah, Jack
Carlson, District Forest Ranger, Humboldt National Forest,
Ben Siminoe, Assistant Forest Supervisor, Humboldt National
Forest, John Inman, Forest Supervisor, Humboldt National
Forest, Charles Van Norman, Robin Van Norman, Van Norman
Ranches, John Doe, and Humboldt National Forest, Defendants-Appellees.
 No. 93-1411.
 United States Court of Appeals, Federal Circuit.
 Sept. 8, 1993.
 
 Before LOURIE, Circuit Judge, BENNETT, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 LOURIE, Circuit Judge.
 
 ORDER
 
 1
 A.G. Edwards, Jr. submits a motion to amend his complaint to add additional defendants.[1] We sua sponte consider whether this court has jurisdiction over Edwards' appeal.
 
 
 2
 On August 10, 1992, Edwards filed suit against the United States et al. in the United States District Court for the District of Columbia concerning water rights and a grazing permit for Humboldt National Forest in Nevada. A copy of the "Civil Cover Sheet" located in this court's file indicates that Edwards sought, inter alia, $3,500,000 in damages. Edwards claimed that the district court had diversity jurisdiction, federal question jurisdiction, jurisdiction of an action in the nature of mandamus, and jurisdiction under the Administrative Procedure Act.
 
 
 3
 On August 21, 1992, Edwards moved for a temporary restraining order and a preliminary injunction. Various defendants opposed Edwards' motion and moved to dismiss the complaint. On May 21, 1993, Edwards filed a second motion for a temporary restraining order and a preliminary injunction. On June 3, 1993, the district court granted an extension of time for certain defendants to respond to the second motion for a temporary restraining order and a preliminary injunction. On June 7, 1993, Edwards appealed to this court.
 
 
 4
 Edwards states that he appeals from the district court's alleged "failure ... to take action upon plaintiff's [first] Motion for Preliminary Injunction ... which failure to act constitutes an Interlocutory Denial." Edwards apparently misread 28 U.S.C. Sec. 1292 and believes that only this court has jurisdiction over an appeal of an interlocutory order involving a preliminary injunction. However, this court only has jurisdiction to review a denial or grant of a preliminary injunction if the case involves a type of action within this court's limited jurisdiction.
 
 
 5
 It appears that the only possible basis for this court's jurisdiction over the appeal from the district court is if the district court's jurisdiction is based, in whole or in part, on 28 U.S.C. Sec. 1346(b). See 28 U.S.C. Sec. 1295(a)(1). However, because Edwards seeks more than $10,000 in damages, Edwards' complaint does not fall within the scope of 28 U.S.C. Sec. 1346(b).[2]
 
 
 6
 It appears that Edwards' appeal belongs, if anywhere, in the regional circuit court of appeals, that is, in the United States Court of Appeals for the District of Columbia Circuit. We find it unnecessary to transfer this appeal pursuant to 28 U.S.C. Sec. 1631 because there appears to be no time restriction to Edwards' challenge to the alleged inaction of the district court.[3]
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) Edwards' appeal is dismissed.
 
 
 9
 (2) Edwards' motion to amend the complaint is moot.
 
 
 10
 (3) The clerk is directed to return to Edwards the copies of the amended complaint and summonses.
 
 
 11
 (4) All parties shall bear their own costs.
 
 
 
 [1]
 Edwards also submits various documents including summonses. Because this court does not have jurisdiction over Edwards' appeal, these documents will be returned to Edwards
 
 
 [2]
 We do not address whether the district court has jurisdiction over this case
 
 
 [3]
 We express no opinion on whether Edwards may appeal from the alleged inaction on his motion for injunctive relief